# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In Re: JEFFREY LANCE HILL, SR.

    Debtor.

Bankruptcy Case No. 3:11-bk-3247-PMG

---

JEFFREY LANCE HILL, SR.,

    Appellant,

v.

Case No. 3:12-cv-860-J-32

SUWANNEE RIVER WATER
MANAGEMENT DISTRICT,

    Appellee.

---

## ORDER

This case is before the Court on Appellant Jeffrey Lance Hill, Sr.'s Emergency Motion for Stay Pending Appeal (Doc. 32), filed on October 2, 2014. According the motion, the court in the related state proceeding has scheduled October 23, 2014 for a hearing on Appellee Suwannee River Water Management District's motion for summary judgment. Hill now moves this Court to enjoin the District from taking action in the state case pending his appeal of this Court's January 24, 2014 Order (Doc. 22) in the Eleventh Circuit (see Doc. 23). He also suggests in his motion that the automatic stay pursuant to 11 U.S.C. § 362 is still in place, that the bankruptcy court declined to relieve the District of the stay, and that the District therefore violated the stay by taking action in the state court. The District has responded in opposition to the motion to stay. (Doc. 33.)

Hill misunderstands the status of the automatic bankruptcy stay and the bankruptcy court's ruling on the District's request for relief. The bankruptcy court denied the District relief from the stay because there were no debts to resolve other than the land at issue that would warrant the case remaining open, and the court dismissed the case. (Doc. 1-4 at 16-17.) Once the case was dismissed, the automatic stay was lifted. See 11 U.S.C. § 362(c)(2)(B); Lomagno v. Salomon Brothers Realty Corp. (In re Lomagno), 429 F.3d 16, 17 (1st Cir. 2005); see Lashley v. First Nat'l Bank of Live Oak (In re Lashley), 852 F.2d 362, 364 (11th Cir. 1987). As the District notes, Hill did not seek from the bankruptcy court a stay pending appeal to this Court. See Fed. R. Bankr. P. 8005. The Court therefore construes Hill's motion as a request for a stay pending appeal pursuant to either Federal Rule of Civil Procedure 62 or, alternatively, Federal Rule of Bankruptcy Procedure 8005.[1]

Federal Rule of Civil Procedure 62(d) provides that a party may obtain a stay of enforcement of a judgment upon payment of a supersedeas bond. Fed. R. Civ. P. 62(d). The bond "serves to fully secure a judgment during an appeal and to compensate the judgment creditor in the event of loss caused by the stay." United States v. O'Callaghan, 805 F. Supp. 2d 1321, 1324 (M.D. Fla. 2011) (detailing history of supesedeas bonds in denying motion to stay tax foreclosure on appellant's property). Hill has not posted a bond here or identified an alternative form of security that might be appropriate. See id. Nor has Hill provided—or the Court found— any reason to waive the bond requirement in this case.

---

[1] Hill filed a nearly identical emergency motion to stay before the Eleventh Circuit, which was denied. (Doc 34.)

2

Moreover, the Court agrees with the District that Hill has not demonstrated that he is likely to prevail on the merits of his appeal. Venus Lines Agency v. CVG Industria Venezolana De Aluminio, C.A., 210 F.3d 1309, 1313-14 (11th Cir. 2000) (discussing four factors movant must establish to obtain a stay of non-money judgment pending appeal, including likelihood of success on appeal). To the extent Federal Rule of Bankruptcy Procedure 8005 could arguably apply, the Court reaches the same conclusion. See Epic Aviation, LLC v. Phillips (In re Phillips), 483 B.R. 254, 256 (M.D. Fla. 2012) (discussing same four factors under Rule 8005).

None of the other provisions of Federal Rule of Civil Procedure 62 regarding a stay pending appeal apply here. See, e.g., Fed. R. Civ. P. 62(a) (automatic, fourteen-day stay after entry of judgment); (b) (discretionary stay pending resolution of certain post-judgment motions); (c) (discretionary stay on bond or other security pending appeal of order granting, dissolving, or denying an injunction); (f) (entitling judgment debtor to same stay state court would provide if judgment is a lien under state law). The Court therefore concludes that Appellant's motion should be denied.

Accordingly, it is hereby **ORDERED** that Appellant's Emergency Motion for Stay Pending Appeal (Doc. 32) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

3

bjb
Copies to:

Pro se plaintiff

Counsel of record